# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KENNETH GREENWALT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-1177–STE |
| | ) |
| **CAROLYN W. COLVIN, Acting** | ) |
| **Commissioner of the Social Security** | ) |
| **Administration,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act (EAJA) (ECF No. 30), and his Supplemental Application for Award of Attorney's Fees under EAJA (ECF No. 33). Specifically, Plaintiff seeks an award of fees in the total amount of $6,650.00. (ECF No. 33 & 33-1). Defendant objects to any award of fees, arguing that her position was "substantially justified." The Court rejects Defendant's argument and **GRANTS** an award of fees to Plaintiff in the amount requested.

## I. ATTORNEY FEES AUTHORIZED UNDER EAJA

EAJA entitles a prevailing party to recover reasonable attorney fees from the government "'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Al–Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)). The test for "substantial justification" is one of "reasonableness in law and fact." *Hackett v.*

*Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). In other words, "the government's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, (1988).

"The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden v. Bowen*, 851 F.2d 1266, 1268 (10th Cir. 1988); *see* 28 U.S.C. § 2412(d)(2)(D) (explaining that the "position of the United States" is "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."). The burden rests with the government to prove that its position was substantially justified. *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987).

## II. PLAINTIFF IS THE PREVAILING PARTY

Previously, the Court ordered reversal of the Commissioner's decision denying Plaintiff's application for disability benefits and a remand for further administrative proceedings (ECF Nos. 28 & 29). The reversal was based on the ALJ's improper evaluation of the opinions from a treating physician, Dr. Prashant Phatak. (ECF No. 28:4-12). With the reversal and remand, Mr. Greenwalt is considered the "prevailing party" for purposes of EAJA. *See Shalala v. Schaefer*, 509 U.S. 292 (1993). Thus, the only issues are whether the government's position was "substantially justified" and whether any special circumstances exist which would prevent an award of benefits.

## III. PLAINTIFF IS ENTITLED TO AN AWARD OF BENEFITS

As stated, the ALJ committed legal error in his failure to properly evaluate opinions from treating physician, Dr. Phatak. Specifically, the ALJ committed two errors. First, the ALJ provided three invalid rationales for rejecting Dr. Phatak's opinion regarding Mr. Greenwalt's ability to sit. (ECF No. 28:9-12). Second, the ALJ omitted any discussion of Dr. Phatak's opinions concerning Mr. Greenwalt's ability to lift, carry, stand, and his need for a job which allowed: (1) unscheduled breaks, (2) an at-will sit-stand option, and (3) Plaintiff to elevate his legs.

For two reasons, Defendant contends that the government's position was substantially justified. First, Ms. Colvin points to evidence in the record concerning Plaintiff's normal respiratory and cardiac functioning and Plaintiff's ability to walk which she states had allegedly contradicted Dr. Phatak's opinions. (ECF No. 31:4-6). As a result, Defendant contends that the ALJ's failure to expressly link these findings to a rejection of Dr. Phatak's opinions constituted only harmless error. (ECF No. 31:6). Second, Ms. Colvin attempts to justify the ALJ's treatment of Dr. Phatak's opinion regarding Plaintiff's ability to sit. (ECF No. 31:6-8). Even if these rationales had merit, Ms. Colvin has still failed to prove that her position was substantially justified because she ignores the fact that the ALJ failed to provide specific, legitimate reasons for rejecting Dr. Phatak's opinions regarding Mr. Greenwalt's ability to lift, carry, and stand, as well as his need for a job which allowed: (1) unscheduled breaks, (2) an at-will sit-stand option, and (3) elevation of Plaintiff's legs.

As previously noted, the test for "substantial justification" is one of "reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). Well-established Tenth Circuit law dictates that if an ALJ completely rejects an opinion, he must provide specific, legitimate reasons for doing so. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). The ALJ failed in this regard, constituting reversible error. *See* ECF No. 28:12. As a result, the Court concludes that the government's position is not substantially justified, and Plaintiff is entitled to recover EAJA fees.

## IV.   AMOUNT OF RECOVERABLE FEE

Ms. Colvin did not meet her burden of proof to show that the government's position was substantially justified. Further, the undersigned knows of no special circumstances which would make an award of attorney fees unjust. Thus, the only remaining issue concerns the reasonableness of the fee requested.

Plaintiff seeks an attorney fee award of **$6,650.00**, calculated as follows: 3.1 hours of work performed by his attorney in 2014 at a rate of $190.00 per hour ($589.00), 1.3 hours of paralegal work performed in 2014 at a rate of $100.00 per hour ($130.00), 21.7 hours of work performed by his attorney in 2015 at a rate of $190.00 per hour ($4,123.00), 9.6 hours of paralegal work performed in 2015 at a rate of $100.00 per hour ($960.00), 4.4 hours of work performed by his attorney in 2016 at a rate of 190.00 per hour ($836.00), and .1 hours of paralegal work performed in 2016 at a rate of $120.00 per hour ($12.00). (ECF No. 33-1). Ms. Troutman has provided a

detailed breakdown of time expended in representing Mr. Greenwalt, and the undersigned finds that this uncontroverted statement reflects a reasonable amount of time for this matter. However, an award under EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A)

Ms. Troutman has requested an upward adjustment of the statutory rate for attorney fees and has provided supporting documentation in the form of a letter dated March 24, 2016, from the Office of the General Counsel of the Social Security Administration. (ECF No. 30-4). This letter shows that for 2014, 2015, and 2016, the authorized maximum hourly rate for attorney work in Oklahoma was $190.00. (ECF No. 26-1). Thus, Mr. Greenwalt is entitled to an upward adjustment of the hourly attorney fee consistent with the evidence provided. Additionally, Plaintiff is entitled to recover paralegal fees at prevailing market rates. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008). Plaintiff has submitted the hourly paralegal rate as $100.00 for 2014 and 2015 and $120.00 for 2016, and Ms. Colvin has not objected. Therefore, the Court concludes that this hourly rate is reasonable and within the acceptable prevailing market rate.

The Court therefore finds that Plaintiff is entitled to a total attorney fee award in the amount of **$6,650.00.** Said fee is payable to Plaintiff. *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). If attorney fees are also awarded under 42 U.S.C. § 406(b) of

the Social Security Act, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**ORDER**

The Court **GRANTS** Plaintiff's Motion for Attorney Fees **(ECF No. 30)** and Supplemental Application for Attorney Fees **(ECF No. 33)** in the total amount of **$6,650.00**.

ENTERED on September 23, 2016.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE